UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PAUL MORGAN,

      Plaintiff,

                                Civil Case No. 15-12544
v.                                       Honorable Linda V. Parker

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 5, 2016 R&R; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) REMANDING MATTER TO THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff applied for Disability and Disability Insurance Benefits under the Social Security Act on August 29, 2013, alleging that he became disabled on August 19, 2013. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Regino Sobrina ("ALJ") conducted a de novo hearing on December 18, 2014. The ALJ found Plaintiff not disabled in a decision issued January 13, 2015. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.


On July 17, 2015, Plaintiff initiated the pending action challenging the Commissioner's decision. The matter was referred to Magistrate Judge Elizabeth A. Stafford on the same date "for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." (ECF No. 3.) The parties subsequently filed cross motions for summary judgment. (ECF Nos. 14, 16.)

On July 5, 2016, Magistrate Judge Stafford issued a Report and Recommendation (R&R) in which she recommends that this Court grant Plaintiff's motion for summary judgment, deny the Commissioner's motion, and remand the matter to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 24.) At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 649-50.) The Commissioner filed objections to the R&R on July 15, 2016. (ECF No. 25.)

## **Standard of Review**

The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the

> Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the Commissioner's decision is supported by substantial evidence, the reviewing court must defer to that decision " 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Longworth v. Comm'r of Soc. Sec. Admin.* 402 F.3d 591, 596 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

3

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* The claimant bears the burden of proof through the first four steps. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 548 (6th Cir. 2004)).  If the claimant meets his burden, the burden of proof shifts to the Commissioner at the fifth step.  *Id*.

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since August 19, 2013.  (ECF No. 10-2 at Pg ID 42.)  The ALJ found at step two that Plaintiff has the severe impairments of degenerative disc disease and mood disorder.  (*Id*.)  The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (*Id*. at Pg ID 42-43.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> the opportunity to alternate from sitting to standing, and from standing to sitting, for up to five minutes approximately every 20 minutes; no twisting movements of the trunk; no climbing of ladders, ropes, or scaffolds; no crawling; occasional climbing of stairs, balancing, stooping, kneeling, and crouching; no exposure to hazards; no use of left foot or leg controls; and simple, routine, repetitive work not done at production rate pace (e.g., no assembly-line work), with minimal changes in the work setting.

(*Id*. at Pg ID 44-51.)  In reaching this conclusion, the ALJ gave "limited weight" to the opinions of Plaintiff's treating doctors: family practice physician David Schwarz, M.D., and psychiatrist Todd Rosen, M.D.  (*Id*. at Pg ID 50.)  The ALJ found that the restrictions these treating doctors provided are not fully supported by the clinical findings, diagnostic test results, or treatment history.  (*Id*.)

5

The ALJ next concluded that Plaintiff is not capable of performing his past relevant work as a mechanic. (*Id*. at Pg ID 51.) The ALJ concluded, however, that given Plaintiff's age (41 years), education, work experience, and RFC, he is capable of performing jobs existing in significant numbers in the national economy. (*Id*. at 52.) Specifically, the ALJ identified the jobs of inspector, packager, and order checker. (*Id*.) The ALJ therefore concluded that Plaintiff is not disabled. (*Id*. at Pg ID 53.)

In the R&R, Magistrate Judge Stafford concludes that the ALJ erroneously rejected Dr. Schwarz's medical opinion.[1] (ECF No. 24 at Pg ID 644-49.) Specifically, Magistrate Judge Stafford finds that the ALJ, in error, interpreted the clinical findings in the record to discount Dr. Schwarz's opinions and assess Plaintiff's RFC. (*Id*. at Pg ID 644.) Rejecting the Commissioner's argument that Dr. Schwartz's statements do not qualify as opinions to which the treating physician rule applies, Magistrate Judge Stafford indicates that the ALJ's independent assessment of the medical evidence was not a "good reason" for discounting the doctor's opinion. (*Id*. at Pg ID 645.) Magistrate Judge Stafford concludes that it was error for the ALJ to substitute her opinion for Dr. Schwartz's

---

[1] While Plaintiff originally challenged the ALJ's assessment of his mental impairment, Magistrate Judge Stafford indicates that Plaintiff waived the argument at the hearing before her. (*See* ECF No. 24 at Pg ID 640-41.) Thus, the ALJ's assessment of Dr. Rosen's opinion was not relevant to Magistrate Judge Stafford's analysis.

opinion regarding Plaintiff's limitations stemming from his impairments. (*Id*. at Pg ID 648.) For these reasons, Magistrate Judge Stafford recommends vacating the Commissioner's decision and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Commissioner raises two objections to the R&R.

## **Objections & Analysis**

The Commissioner first argues that Magistrate Judge Stafford committed legal error "by concluding that an ALJ may never discount a treating physician opinion based upon his or her independent assessment of the medical evidence." (ECF No. 25 at Pg ID 653-57.) The Commissioner contends that there are instances where an ALJ, without obtaining a separate medical opinion, may independently evaluate the medical evidence of record and conclude that a treating doctor's opinion should be discounted. The Commissioner cites to the Sixth Circuit's decision in *Rudd v. Commissioner of Social Security*, 531 F. App'x 719 (2013), as an example of where this was properly done.

Magistrate Judge Stafford did state in the R&R that " 'an ALJ's independent assessment of the medical evidence *never* constitutes a good reason for discounting the opinion of a treating physician.' " (ECF No. 25 at Pg ID 653, emphasis added.) Nevertheless, it is clear from the R&R that Magistrate Judge Stafford recognized that there are instances where the ALJ is able to interpret the medical evidence,

7

without a medical opinion, and conclude that the evidence undermines a treating doctor's opinion. (*See id.* at Pg ID 646.) In fact, Magistrate Judge Stafford explicitly acknowledged the Sixth Circuit's decision in *Rudd* as an example. (*Id.* at n.4.) Thus, while Magistrate Judge Stafford's earlier statement may have been an unfortunate overstatement, it did not cause any legal error in her evaluation of the ALJ's decision.

Unlike *Rudd*, the present case does not present a scenario where diagnostic tests and examination results do not support the treating physician's opinion.[2] A musculoskeletal examination on August 7, 2013, showed that Plaintiff had a "stooped" gait and spasms in the lumbar spine. An MRI of Plaintiff's lumbar spine in September 23, 2013, revealed an annular tear with broad-based central disc bulge at L4-L5 and moderate spinal canal stenosis. A musculoskeletal examination on October 10, 2013, showed Plaintiff with a decreased range of motion in the spine and a kyphotic curve. In December 2013, Plaintiff had decreased range of lumbar spine motion. On August 4, 2014, James C. Culver, M.D., a pain management specialist, evaluated Plaintiff and, on examination, noted a positive left leg raise test, with a positive Laseque's sign, and "some weakness of ankle plantarflexion on the left as compared to the right[.]" A musculoskeletal

---

[2] As Magistrate Judge Stafford noted in the R&R, in *Rudd*, x-rays showed no abnormalities, and examination showed no issues with the claimant's gait or standing. *Rudd*, 531 F. App'x 719, 725 (6th Cir. 2013).

examination, inspection/palpation of joints, bones, and muscles was noted as "abnormal" on October 6, 2014. Thus, it was inaccurate for the ALJ to conclude that "the only findings cited in support of the extensive limitations Dr. Schwarz listed are a diagnosis ('degenerative disc disease') and a statement regarding treatment ("patient requires Valium and hydrocodone daily"), or that the doctor's opinion "is not consistent with the clinical findings …." (ECF No. 10-2 at Pg ID 50.) In the face of the medical evidence in the record showing abnormalities in Plaintiff's physical condition, it was error, as Magistrate Judge Stafford correctly concluded, for the ALJ simply to substitute her lay opinion with respect to Plaintiff's resulting functional limitations for the opinion of Plaintiff's treating physician.

The Commissioner argues in her second objection that Magistrate Judge Stafford committed legal error by concluding that an ALJ must obtain a medical opinion for every RFC determination. (ECF No. 25 at Pg ID 657-60.) As the Commissioner points out, under Sixth Circuit precedent, an ALJ does not always have to obtain a physician's medical opinion to support the ALJ's RFC finding. (*Id.* at Pg ID 658, citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). This Court does not read the R&R, however, as stating a contrary rule of law. Instead, the Court understands Magistrate Stafford as having recognized the correct legal standard, but finding this to be a case where an expert opinion was

9

needed in order to discount the opinion of Plaintiff's treating physician.  This Court finds no error in Magistrate Judge Stafford's conclusion.

## Conclusion

For these reasons, the Court rejects the Commissioner's objections to the R&R and therefore adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Commissioner's motion for summary judgment (ECF No. 16) is **DENIED**;

**IT IS FURTHER ORDERED**, that the Commissioner's decision denying Plaintiff's social security benefits is **REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Magistrate Judge Stafford's July 5, 2016 R&R.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager